FILED
APR 10 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIA SABHERWAL; DONALD T.H. SMITH,<br><br>Plaintiffs,<br>vs.<br>THE BANK OF NEW YORK MELLON, For the Certificate holders of CWALT, Inc., Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates 2005-62 formerly known as the Bank of New York; BANK OF AMERICA, N.A.; RECONSTRUCT COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; REAL TIME RESOLUTIONS; DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 11cv2874-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motions to Dismiss filed by Defendant OCWEN Loan Servicing, LLC (ECF No. 4), Real Time Resolutions (ECF No. 7), and Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Reconstruct Company, N.A., and Bank of New York Mellon (ECF No. 8).

## I.  Background

On November 3, 2011, Plaintiffs Ramia Sabherwal and Donald T.H. Smith initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego.

(ECF No. 1). On December 8, 2011, the matter was removed to this Court.

On December 13, 2011, Defendant OCWEN Loan Servicing, LLC ("Ocwen") filed a Motion to Dismiss. (ECF No. 4). Plaintiffs filed an Opposition (ECF No. 10), and Ocwen filed a Reply (ECF No. 13).

On December 15, 2011, Real Time Resolutions ("Real Time") filed a Motion to Dismiss. (ECF No. 7). Plaintiffs filed an Opposition (ECF No. 11), and Real Time filed a Reply (ECF No. 16).

On December 15, 2011, Defendants Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Reconstruct Company, N.A. ("Reconstruct"), and the Bank of New York Mellon for the Certificate holders of CWALT, Inc., Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates 2005-62 formerly known as the Bank of New York ("Mellon") filed a Motion to Dismiss. (ECF No. 8). Plaintiffs filed an Opposition (ECF No. 12), and Defendants Bank of America, MERS, Reconstruct, and Mellon filed a Reply (ECF No. 15).

## II. Allegations of the Complaint

Plaintiffs asserts six "complaints for declaratory relief" against Defendants Ocwen, Real Time, Bank of America, MERS, Reconstruct, and Mellon regarding loans made for real properties located at 7891 Laurelridge Road in San Diego, California (Loan #1 and Loan #2), 1390 Vegas Valley Drive in Las Vegas, Nevada (Loan #3 and Loan #4), and 9616 Gunsmith Drive in Las Vegas, Nevada (Loan #5 and Loan #6). For each of the loans on these properties, Plaintiffs allege that Defendants are "required under the Uniform Commercial Code ["UCC"] to establish any of the claimed rights to payment" and to "present the original notes" upon request by Plaintiffs. (ECF No. 1 at 19; *see also* 22-23, 26, 31, 35, 39).

In first claim for declaratory relief, regarding Loan #1 for 7891 Laurelridge Road, Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights and duties on the note of deed of trust. Plaintiffs allege that Mellon is not the current successor to the note of deed of trust. Plaintiffs allege that Mellon was required to "document its claimed ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand

pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 40-41. Plaintiffs allege that Mellon has demanded payment on the note of deed of trust, but "Plaintiff[s] dispute[] the Defendant is entitled to receive any payments whatsoever." *Id.* at 41. Plaintiffs allege that they have received a notice of default, notice of intent to sell, and notice of trustee's sale by Mellon, but Plaintiffs do "not believe the Defendants, complete strangers to the Plaintiff[s] lacking any privity of contract with the Plaintiff[s], ha[ve] a legal right to record any instrument... against the property." *Id.* at 42.

In the second claim for declaratory relief, regarding Loan #2 for 7891 Laurelridge Road, Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights and duties on the note of deed of trust. Plaintiffs allege that Doe 1 is not the current successor to the note of deed of trust. Plaintiffs allege that Mellon was required to "document its claimed ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 48. Plaintiffs allege that Doe 1 has demanded payment on the note of deed of trust, but "Plaintiff[s] dispute[] that the Defendant is entitled to receive any payments whatsoever." *Id.* at 49. Plaintiffs allege that they have received a notice of default, notice of intent to sell, and notice of trustee's sale by Doe 1, but Plaintiffs do "not believe the Defendants, complete strangers to the Plaintiff[s] lacking any privity of contract with the Plaintiff[s], ha[ve] a legal right to record any instrument... against the property." *Id.* at 50.

In the third claim for declaratory relief, regarding Loan #3 for 1390 Vegas Valley Drive, Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights and duties on the note of deed of trust. Plaintiffs allege that Mellon is not the current successor to the note of deed of trust. Plaintiffs allege that Mellon was required to "document its claimed ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 55-56. Plaintiffs allege that Mellon has demanded payment on the note of deed of trust, but "Plaintiff[s] dispute[] the Defendant is entitled to receive any payments whatsoever." *Id.* at 56. Plaintiffs allege that they have received a notice of default, notice of intent to sell, and

notice of trustee's sale by Mellon, but Plaintiffs do "not believe the Defendants, complete strangers to the Plaintiff[s] lacking any privity of contract with the Plaintiff[s], ha[ve] a legal right to record any instrument... against the property." *Id.* at 57.

In the fourth claim for declaratory relief, regarding Loan #4 for 1390 Vegas Valley Drive, Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights and duties on the note of deed of trust. Plaintiffs allege that Doe 2 is not the current successor to the note of deed of trust. Plaintiffs allege that Doe 2 was required to "document its claimed ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 62-63. Plaintiffs allege that Doe 2 has demanded payment on the note of deed of trust, but "Plaintiff[s] dispute[] the Defendant is entitled to receive any payments whatsoever." *Id.* at 63. Plaintiffs allege that they have received a notice of default from Doe 2, but Plaintiffs do "not believe the Defendants, complete strangers to the Plaintiff[s] lacking any privity of contract with the Plaintiff[s], ha[ve] a legal right to record any instrument... against the property." *Id.* at 64.

In the fifth claim for declaratory relief, regarding Loan #5 for 9616 Gunsmith Drive, Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights and duties on the note of deed of trust. Plaintiffs allege that Doe 3 is not the current successor to the note of deed of trust. Plaintiffs allege that Doe 3 was required to "document its claimed ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 69. Plaintiffs allege that Doe 3 has demanded payment on the note of deed of trust, but "Plaintiff[s] dispute[] the Defendant is entitled to receive any payments whatsoever." *Id.* at 70. Plaintiffs allege that they have received a notice of default, notice of intent to sell, and notice of trustee's sale by Doe 3, but Plaintiffs do "not believe the Defendants, complete strangers to the Plaintiff[s] lacking any privity of contract with the Plaintiff[s], ha[ve] a legal right to record any instrument... against the property." *Id.* at 71.

In the sixth claim for declaratory relief, regarding Loan #6 for 9616 Gunsmith Drive,

1  Plaintiffs allege that there is a dispute between Plaintiffs and Defendants regarding the rights
2  and duties on the note of deed of trust. Plaintiffs allege that Doe 4 is not the current successor
3  to the note of deed of trust. Plaintiffs allege that Doe 4 was required to "document its claimed
4  ownership" of the note of deed of trust and "present the original notes" to Plaintiffs on demand
5  pursuant to the implied covenant of good faith and fair dealing and the UCC. *Id.* at 76-77.
6  Plaintiffs allege that Doe 4 has demanded payment on the note of deed of trust, but "Plaintiff[s]
7  dispute[] the Defendant is entitled to receive any payments whatsoever." *Id.* at 77. Plaintiffs
8  allege that they have received a notice of default, notice of intent to sell, and notice of trustee's
9  sale by Doe 4, but Plaintiffs believe "that the Defendant is not the true owner and/or holder of
10 the Note and ... the Defendants have no right to conduct any sale." *Id.* at 78.

**III. Discussion**

Defendant Ocwen contends that Plaintffs' allegations are vague and conclusory, and that "Ocwen cannot intelligently respond" to the meritless, "naked assertions" contained in the Complaint. (ECF No. 4-1 at 6). Defendant Real Time contends that Plaintiffs' Complaint is "vague, ambiguous, and poorly pled," and "fails to allege a single actionable claim against Defendant Real Time Resolutions." (ECF No. 7-1 at 3). Defendants Bank of America, MERS, Reconstruct, and Mellon contend that "Plaintiffs' general and conclusory allegations do not state a judicable claim for relief." (ECF No. 8 at 2).

Plaintiffs contend that they have "filed a simple cause of action for declaratory relief" and "have fully complied with the statutory pleading requirements of a cause of action for declaratory relief." (ECF No. 10 at 6, 16; ECF No. 11 at 5, 15; ECF No. 12 at 5, 15).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

California Code of Civil Procedure section 1060 provides:

> Any person interested under a written instrument ... or under a contract, or who desires a declaration of his or her rights or duties with respect to ... property ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action... in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties....

Cal. Code Civ. P. § 1060. "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court." *Browning v. Aymard*, 224 Cal. App. 2d 277, 280 (1964); *see also Ball v. FleetBoston Financial Corp.*, 164 Cal. App. 4th 794, 800 (2008) ("Code of Civil Procedure

section 1060 permits an original action, and authorizes a claim for declaratory relief to be filed alone ....") (quotation omitted) "It is not essential, to entitle a plaintiff to seek declaratory relief, that he should establish his right to a favorable declaration." *Browning*, 224 Cal. App. 2d at 280; *see also Shepherd v. Paul A. Hauser, Inc.*, 138 Cal. App. 384, 387-88 (1934).

In this case, Plaintiffs allege that an actual controversy exists as to the legal rights and duties of the parties regarding loans on certain property. Plaintiffs make conclusory allegations that they do not believe that Defendants have any rights to the property. Plaintiffs make conclusory allegations that the implied covenant of good faith and fair dealing and the Uniform Commercial Code require Defendants to produce the original note and document their claim to ownership before demanding payment from Plaintiffs. However, Plaintiffs fail to allege specific facts "more than labels and conclusions." *Bell Atl. Corp.*, 550 U.S. at 555.

The Court finds that Plaintiffs have failed to allege "[f]actual allegations [that] raise a right to relief above the speculative level." *Id.* In addition, Plaintiffs have failed to allege any factual allegations regarding Defendants OCWEN Loan Servicing, LLC, Real Time Resolutions, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Reconstruct Company, N.A. The Court concludes that Plaintiffs have failed to allege sufficient facts to show that they are entitled to relief. Fed. R. Civ. P. 8(a)(2).

## IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant OCWEN Loan Servicing, LLC (ECF No. 4), the Motion to Dismiss filed by Real Time Resolutions (ECF No. 7), and the Motion to Dismiss filed by Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Reconstruct Company, N.A., and the Bank of New York Mellon (ECF No. 8) are GRANTED. The Complaint is DISMISSED. Plaintiffs may file a motion for leave to file a First Amended Complaint, accompanied by a proposed First Amended Complaint, within thirty days from the date of this order.

Dated: 4/9/12

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE