FILED

2012 JUL 18 PM 4:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ Von _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIA SABHERWAL; DONALD T.H. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-62 MORTGAGE PASS THROUGH CERTIFICATES 2005-62; AND AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-81, MORTGAGE PASS-THROUGH CERTIFICATES 2005-81 BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; OCWEN LOAN SERVICING, LLC; REAL TIME RESOLUTIONS, SELECT PORTFOLIO SERVICING, INC. AND DOES 1 THROUGH 10, INCLUSIVE.,<br><br>Defendants. | CASE NO. 3:11cv2874 WQH BGS<br><br>ORDER |

HAYES, Judge:

    On May 7, 2012, Plaintiffs Ramia Sabherwal and Donald Smith filed a Motion for Leave to File the First Amended Complaint. (ECF No. 18). Plaintiffs attached the proposed First Amended Complaint to the Motion. (ECF No.18-1). On May 25, 2012, Defendants filed an Opposition. (ECF No. 23).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

Defendants oppose the amendment on the grounds that the claims asserted in the proposed First Amended Complaint would be subject to dismissal and that granting the Motion for Leave to Amend would be futile. The Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed First Amended Complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended

pleading is filed.").

IT IS HEREBY ORDERED that the Motion for Leave to File the First Amended Complaint filed by Plaintiffs (ECF No. 18) is GRANTED. Plaintiffs shall file the First Amended Complaint attached to the motion (ECF No. 18-1) within ten days of the date of this order.

DATED: 7/18/12

WILLIAM Q. HAYES
United States District Judge