FILED

JAN - 8 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ M. Cruz

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIA SABHERWAL; DONALD T. H. SMITH, as individuals,<br><br>Plaintiffs,<br>vs.<br><br>THE BANK OF NEW YORK MELLON, For the Certificate holders of CWALT, Inc., Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates 2005-62 formerly known as the Bank of New York; BANK OF AMERICA, N.A.; RECONSTRUCT COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; REAL TIME RESOLUTIONS; DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 11cv2874 WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the following Motions to Dismiss: (1) Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by Bank of New York Mellon ("BNYM"), Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (ECF No. 32); (2) Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Ocwen Loan Servicing, LLC ("Ocwen") (ECF No. 29); (3)

Motion to Dismiss Plaintiffs First Amended Complaint for Failure to State a Claim for Relief filed by Real Time Resolutions ("Real Time") (ECF No. 35); and (4) Amended Motion to Dismiss Plaintiffs' First Amended Complaint filed by Select Portfolio Servicing Inc. ("SPS") (ECF No. 46).

## BACKGROUND

On December 8, 2011, this case was removed from the Superior Court of California, San Diego, to the Federal District Court, Southern District of California. (ECF No. 1). On April 10, 2012, the Court granted Defendants' Motions to Dismiss. (ECF No. 17). On July 18, 2012, the Court granted Plaintiffs' Motion for Leave to File the First Amended Complaint. (ECF No. 26).

On July 24, 2012, Plaintiffs Ramia Sabherwal and Donald T.H. Smith filed a First Amended Complaint. (ECF No. 27). In the First Amended Complaint, Plaintiffs allege the following causes of action against Defendants: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate Settlement Procedures Act (against Defendant BANA and Doe Defendants); (5) violation of debt collection practices; (6) violation of the California Business and Professions Code; (7) accounting; and (8) extortion. (ECF No. 27).

On August 9, 2012, Defendant Ocwen filed a Motion to Dismiss. (ECF No. 29). On August 24, 2012, Plaintiffs filed an opposition to Defendant's motion. (ECF No. 39). On August 28, 2012 Defendant Ocwen filed a reply. (ECF No. 42).

On August 10, 2012, Defendants BANA, BNYM, MERS and ReconTrust filed a Motion to Dismiss. (ECF No. 32). On August 24, 2012, Plaintiffs filed an opposition to Defendants' motion. (ECF No. 38). On August 31, 2012, Defendants BANA, BNYM, MERS and ReconTrust filed a reply. (ECF No. 44).

On August 13, 2012, Defendant Real Time filed a Motion to Dismiss. (ECF No. 35). On August 28, 2012, Plaintiffs filed an opposition to Defendant's motion. (ECF No. 43). No reply was filed.

On September 6, 2012, Defendant SPS filed a Motion to Dismiss (ECF No. 45). On September 7, 2012, Defendant SPS filed an Amended Motion to Dismiss. (ECF No. 46). On

October 16, 2012, Plaintiffs filed an opposition to Defendant's amended motion. (ECF No. 52). On October 25, 2012, Defendant SPS filed a reply. (ECF No. 54).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990) (citations omitted).

1  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual
2  content, and reasonable inferences from that content, must be plausibly suggestive of a claim
3  entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)
4  (quotations omitted).

## ALLEGATIONS OF FIRST AMENDED COMPLAINT

6  This lawsuit involves three separate parcels of real property, each encumbered by two
7  "Promissory Notes and Deeds of Trust." (ECF No. 27 at 5). Plaintiffs allege that on or about
8  August 18, 2005, two Notes and Deeds of Trust were executed by Plaintiffs in favor of
9  Steward Financial, Inc. for the property located at 7891 Laurelridge Road, San Diego,
10 California 92120. (ECF No. 27 at 5). Plaintiffs allege that on or about November 3, 2005, two
11 Notes and Deeds of Trust were executed by Plaintiffs in favor of Countrywide Home Loans,
12 Inc. for the property located at 1390 Vegas Valley Drive, Apt. 38, Las Vegas, Nevada 89169.
13 (ECF No. 27 at 6). Plaintiffs allege that on or about December 19, 2005, two Notes and Deeds
14 of Trust were executed by Plaintiffs in favor of Countrywide Home Loans, Inc. for the property
15 located at 9616 Gunsmith Drive, Las Vegas, Nevada 89123. (ECF No. 27 at 6). Documents
16 attached to the First Amended Complaint identify Defendant MERS as nominee and
17 beneficiary for each of the properties at issue. (ECF No. 27-2 at 3; ECF No. 27-3 at 3; ECF No.
18 27-5 at 3).

19  Plaintiffs allege that Defendant MERS is nominee and beneficiary of the Deeds of
20 Trust. (ECF No. 27 at 10-12). Plaintiffs allege that Defendant BNYM is an assignee and
21 Trustee of Plaintiffs' Deeds of Trust. (ECF No. 27 at 3). Plaintiffs allege that Defendant
22 BANA is an authorized agent of Defendant BNYM and mortgage servicer of Plaintiff's Notes
23 and Deeds of Trust. (ECF No. 27 at 3, 16). Plaintiffs allege that Defendants ReconTrust,
24 Ocwen, Real Time, SPS "acted as the agent[s] of the other Defendants." (ECF No. 27 at 7).

25  Plaintiffs allege that Defendants "served to threaten the Plaintiffs with loss of their
26 property through the use of California's non-judicial foreclosure statutes." (ECF No. 27 at 38-
27 39). Plaintiffs allege that Defendant BNYM as Trustee never acquired any "legal, equitable,
28 and pecuniary interest in Plaintiffs' Notes and Mortgages" because "a 'true sale' never took

place due to the failure of the defendants to follow the basic legal requirements for the transfer of a negotiable instrument." (ECF No. 27 at 9). Plaintiffs allege that Defendant BNYM has "no right to collect mortgage payments, demand mortgage payments, or report derogatorily against Plaintiffs' credit" because BNYM has no interest as Plaintiffs' creditor. (ECF No. 27 at 9). Plaintiffs "dispute the amounts owed and seek the Court's assistance in determining" who holds the Notes and Deeds of Trust to the three properties and whether Defendants have any legal right to collect Plaintiffs' debt. (ECF No. 27 at 10).

Plaintiffs allege the following causes of action against Defendants: (1) declaratory relief against all defendants to determine whether BNYM or BANA "have a secured or unsecured legal, equitable, or pecuniary interest in the lien"; (2) negligence against all Defendants for failing to "exercise reasonable care" by taking action against Plaintiffs without "legal authority"; (3) quasi-contract and restitution against all Defendants for "accepting monthly mortgage payments from Plaintiffs which it did not have the legal authority to collect"; (4) violation of 12 U.S.C. § 2605, Real Estate Settlement Procedures Act ("RESPA"), against BANA and Doe Defendants for not providing "proof of validity and assignment of debts"; (5) violation of 15 U.S.C. § 1692, debt collection practices, against all Defendants for "falsely represent[ing] the status of the debt" and "attempt[ing] to collect on the promissory notes under false pretenses"; (6) violation of California Business and Professions Code against all Defendants for "executing and recording false and misleading documents" without legal authority, "demanding and accepting payments for debts that were non-existent," "reporting payments as late to credit bureaus without the legal right or authority to do so," and "acting as a beneficiary without the legal authority to do so"; (7) accounting against all Defendants in order to "properly account for payments made by Plaintiffs"; and, (8) extortion against all Defendants for "falsely asserting a right to collect payments on behalf of the Defendants under a false claim of right to payment due under the subject Mortgage[s] and Deed[s] of Trust" and the "direct and real threat of use of the non-judicial foreclosure process to force the Plaintiffs to voluntarily make the payments as demanded or risk a non-judicial foreclosure." (ECF No. 27 at 28-39).

# RULING OF THE COURT

## A. Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by BNYM, BANA, ReconTrust, and MERS (ECF No. 32)

<u>First Cause of Action for Declaratory Relief</u>

Defendants contend that Plaintiffs' cause of action for declaratory relief fails as a matter of law because "declaratory relief is a form of relief, not an independent cause of action." (ECF No. 32-1 at 15). Plaintiffs seek to have the Court declare the parties' rights and obligations and determine whether Defendants' claims against Plaintiffs are enforceable and secured by a "right, title or interest in Plaintiffs' [p]roperty." (ECF No. 27 at 29). Plaintiffs allege that they will be denied the opportunity to identify Plaintiffs' true creditor/lender, conduct discovery, and discover the true amounts still owed on Plaintiffs' debt without this declaration. (ECF No. 27 at 29).

A claim for declaratory relief is "unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mutual Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009). The remedy Plaintiffs seek through declaratory relief is available through the other causes of action that Plaintiffs allege in the Complaint. As a result, a separate claim for declaratory relief is unnecessary and improper. The Court concludes that Plaintiffs' First Amended Complaint fails to state a claim for declaratory relief against Defendants.

<u>Second Cause of Action for Negligence</u>

Defendants contend the Court should dismiss the second claim for negligence on the grounds that no duty of care is owed to Plaintiffs. (ECF No. 32-1 at 16-17). Defendants assert that there is no fiduciary relationship between a borrow and lender. (ECF No. 32-1 at 17.) Defendants contend that "where a lender is merely acting in the capacity of a lender of money, there is no action for negligence." (ECF No. 32-1 at 17 (citation omitted)). Defendants assert that "Plaintiffs merely allege that Defendants did what any lender would do when dealing with a delinquent borrower; they attempted to collect their debt or foreclose on the property." (ECF No. 32-1 at 18). Plaintiffs respond that Defendants owe a duty of care because of the unconventional nature of the Defendants' role as lender. (ECF No. 38 at 24).

Plaintiffs allege that Defendants owe a duty to exercise reasonable care "to follow California law with regard to enforcement of monetary obligations, and to refrain from taking or failing to take any action against Plaintiffs that they did not have the legal authority to do." (ECF No. 27 at 30). Plaintiffs allege that Defendants BANA and BNYM "breached that duty when they failed to follow the guidelines . . . requiring the transfer of the Notes and Deeds of Trust." (ECF No. 27 at 31).

"The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004). An entity listed as the nominee and beneficiary under the Deed of Trust has the authority to assign its beneficial interest to another party. *See Castenada v. Saxon Mortgage Services*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009). "[T]he servicer of the loan ... does not owe a duty to the borrowers of the loans it services." *Id.* A financial institution does not owe a borrower a duty of care when the institution plays a conventional role as a lender in the loan transaction. *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 (1991).

Plaintiffs' First Amended Complaint fails to allege facts that would support a characterization of Defendants' role in the loan transaction as other than conventional lenders and/or servicers, and as such, Defendants owe no duty of care to Plaintiffs. The Court concludes that the Plaintiffs fail to state a claim for negligence against Defendants.

<u>Third, Fifth, Sixth, Seventh, and Eighth Cause of Action</u>

Plaintiffs' third cause of action for quasi contract, fifth cause of action for violation of FDCPA, sixth cause of action for violation of California Business and Professions Code Section 17200, seventh cause of action for accounting, and eighth cause of action for extortion are each founded on Plaintiffs' claim that the Defendants did not acquire a valid interest in the properties during the subsequent assignments of the deeds and lack the authority to enforce collection of payment or initiate foreclosure proceedings. In support of the third cause of action for quasi-contract, Plaintiffs allege Defendants BNYM and BANA knowingly accepted and retained payments without legal authority but with knowledge that Defendants BNYM and

BANA "did not acquire an interest in Plaintiffs' Note." (ECF No. 27 at 31). In support of the fifth cause of action for violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), Plaintiffs allege Defendants BNYM and BANA falsely represented the debt was owed to Defendant BNYM "when, in fact, such an assignment had not been accomplished" and attempted to collect the debt based on the false pretense that Defendant BNYM "was assigned Plaintiffs' debt when in fact it was not." (ECF No. 27 at 34). In support of the sixth cause of action for violation of California Business and Professions Code Section 17200, Plaintiffs allege Defendants engaged in unlawful, unfair and fraudulent business conduct by recording the alleged fraudulent Assignment of the Deed of Trust ("Assignment") in violation of Cal. Penal Code Section 532(f)(a)(4), "failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095," and acting as beneficiary without legal authority. (ECF No. 27 at 35). In support of the seventh cause of action for accounting, Plaintiffs allege Defendants BNYM and BANA were not actually owed mortgage payments paid to them "as a result of the aforementioned fraudulent conduct." (ECF No. 27 at 37). In support of the eighth cause of action for extortion, Plaintiffs allege Defendants BNYM and BANA undertook "multiple and ongoing overt acts" to obtain Plaintiffs' money related to the "false claim of ownership of subject mortgage note" and also caused delivery and communication of "extensive writings and telephone calls falsely asserting a right to collect payments on behalf of the Defendants under a false claim of a right to payments due under the subject Mortgage and Deed of Trust." (ECF No. 27 at 38).

To support each of these causes of action that rely on the allegation that Defendants lack the authority to collect payment and foreclose, Plaintiffs allege: (1) "none of the Defendants were or are present holders in due course of Plaintiffs' notes such that they can enforce Plaintiffs' obligations;" (2) MERS "could not grant, assign or transfer any true or pecuniary beneficial interest in Plaintiffs' Notes and Mortgages;" (3) "[D]efendants cannot claim any legal or equitable right, title, or interest in [P]laintiffs' Notes and Mortgages since [BNYM] cannot take any action which is not authorized by the Securitization agreements that created and govern the CLT;" and (4) MERS fraudulently executed the Assignment and Substitution

of Trustee documents for the property at 7891 Laurelridge Road because the "signature of T. Sevillano, as it appears on both documents, is not a true signature of said individual and is fraudulent." (ECF No. 27 at 14-19).

Defendants contend the Plaintiffs' causes of action in the First Amended Complaint are "conditioned on the unsupported and irrelevant conclusion that Defendants do not possess a valid legal interest in these mortgage notes." (ECF No. 32-1 at 7). Defendants assert the documents attached to the First Amended Complaint show that Defendants have a right to foreclose. (ECF No. 44 at 2). Defendants contend that Plaintiffs' claim are "subject to dismissal because Defendants are not required under California law to own or possess a mortgage note before proceeding with foreclosure." (ECF No. 32-1 at 10). Defendants contend that "a foreclosing party does not have to validate its legal interest in a mortgage note, so long as the designated beneficiary or its nominee initiates foreclosure." (ECF No. 32-1 at 11). Defendants contend that the documents attached to the First Amended Complaint "expressly state[ ] . . . that MERS was the beneficiary" and grant MERS "'the right to foreclose and sell the property.'" (ECF No. 32-1 at 12-13 (quoting ECF No. 27-1 at 14)). Defendants contend that "Plaintiffs further agreed that MERS could transfer and assign the Deed of Trust to others." (ECF No. 32-1 at 13 (citing ECF No. 27-1 at 14)). Defendants contend that Plaintiffs allegation of "securitization of the loan has no impact on its enforceability" because "[i]t is well-established in California that securitization and pooling of a mortgage note does not impact its legal status or enforceability." (ECF No. 32-1 at 14 (citation omitted)). Defendants contend that "Plaintiffs lack standing to attack the validity of the assignment." (ECF No. 32-1 at 13). Defendants contend that Plaintiffs' allegations that the Assignment for the property at 7891 Laurelridge Road was fraudulent because the person who executed the Assignment "lacked the authority to execute the Assignment on behalf of MERS are unsupported and wholly conclusory." (ECF No. 32-1 at 13).

<u>Authority to Enforce Debt Obligations and Foreclose for all Properties</u>

Documents attached to the First Amended Complaint show Plaintiffs expressly agreed that Defendant MERS has the authority to initiate foreclosure proceedings. The Deed of Trust

for the property located at 7891 Laurelridge Road expressly identifies "Beneficiary, MERS as nominee for Lender and Lender's successors and assigns." (ECF No. 27-2 at 2). Each Deed of Trust for the two Las Vegas properties expressly states that MERS is the beneficiary and is "acting solely as nominee for [Lender] and its successors and assigns." (ECF No. 27-4 at 3; ECF No. 27-5 at 3). "The trustee, mortgagee, or beneficiary, or any of their authorized agents" may file a notice of default. *See* Cal. Civ. Code § 2924(a)(1). Each Deed of Trust for each of the three properties at issue expressly states that "MERS (as nominee for lender and lender's successors and assigns) has the right to foreclose and sell the property." (ECF No. 27-2 at 3; ECF No. 27-4 at 4; ECF No. 27-5 at 6.) As beneficiary and designated "nominee" for the "Lender" and Lender's "successors and assigns" pursuant to each Deed of Trust, "MERS is an authorized agent of the lender and has the authority to initiate the foreclosure proceedings and file a Notice of Default." *See, e.g., Bascos v. Federal Home Loan Mortg. Corp.* 2011 WL 3157063, at *4 (C.D.Cal. 2011). By executing the Deeds of Trust, Plaintiffs explicitly agreed that MERS has the authority to foreclose and the assignment of the note "does not affect MERS' authority to foreclose." *Id.* There are no facts alleged in the First Amended Complaint that would support the conclusory allegation that Defendants lack the authority to enforce Plaintiffs' debt obligations and foreclose. Plaintiffs fail to state a claim plausibly suggestive of an entitlement to relief.

Authority of MERS to Assign for All Properties

Plaintiffs allege Defendant MERS is "merely an electronic registration system and is not a true pecuniary beneficiary. Therefore, it could not grant, assign, or transfer any true or pecuniary beneficial interest in Plaintiffs' Notes and Mortgages." (ECF No. 27 at 18). Based on the Deeds of Trust executed for each of the properties and attached to the complaint, MERS, as nominee for lender and beneficiary of a Deed of Trust, may assign its beneficial interest to another party and substitute the trustee. (ECF No. 27-2 at 3; ECF No. 27-4 at 4; ECF No. 27-5 at 6). *See* Cal. Civ. Code § 2934(a) (authorizes a beneficiary under a deed of trust to substitute the trustee); *see also Bascos v. Federal Home Loan Mortg. Corp.*, 2011 WL 3157063, at *5 (C.D. Cal. 2011) (citing *Madrid v. Bank of America Corp.*, 2011 WL 2729429,

1  at *3 (S.D. Cal. July 13, 2011); *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F.Supp.2d 1191,
2  1198 (E.D. Cal. 2009); *Hensley v. Bank of New York Mellon*, 2011 WL 2118810, at *3 (E.D.
3  Cal. May 27, 2011); *Edwards v. Aurora Loan Services, LLC*, 2011 WL 1668926, at *20 (E.D.
4  Cal. May 2, 2011); *Lawther v. Onewest Bank*, 2010 WL 4936797, at *6 (N.D. Cal. Nov. 30,
5  2010) (quotations omitted)); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092,
6  1099 (E.D.Cal. 2010). There are no facts alleged in the First Amended Complaint that would
7  support the conclusory allegation that Defendant MERS lacks the authority to assign its
8  beneficial interest. Plaintiffs fail to state a claim plausibly suggestive of an entitlement to
9  relief.

<u>Securitization of Notes for All Properties</u>

11  Plaintiffs allege that "the failure to deposit Plaintiffs' Notes" into the Trust before the
12  closing date constituted a failure to properly "securitize" the notes and mortgages and that, as
13  a consequence, Defendants are unable to claim a legal right to the notes and mortgages because
14  Defendant BNYM "cannot take any action which is not authorized by the Securitization
15  agreement." (ECF No. 27 at 15). Plaintiffs are not investors of the loan trust and lack standing
16  to "challenge the validity of the securitization of the loan." *Bascos v. Federal Home Loan*
17  *Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D.Cal. 2011).

18  To the extent that Plaintiffs allege that securitization of the loan detrimentally impacted
19  its legal status and enforceability, this allegation falls outside the comprehensive framework
20  that governs nonjudicial foreclosure proceedings in California. *See* Cal. Civ. Code § 2924 et
21  seq.; *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011); *see also*
22  *Bascos v. Federal Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. 2011) (citing
23  *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Benham*
24  *v. Aurora Loan Services*, 2009 WL 2880232 at *3 (N.D. Cal. 2009) (quotations omitted)).
25  Plaintiffs lack standing to challenge the validity of the securitization process for the notes and
26  mortgages.
27  ///
28  ///

Fraudulent Assignment for Property at 7891 Laurelridge Road

Plaintiffs allege that the Assignment for the property at 7891 Laurelridge Road was fraudulently executed and "created for the purpose of facilitating and aiding and abetting the illegal, deceptive, and unlawful collection of Plaintiffs' mortgage payments, as well as engaging in other debt collection activities." (ECF No. 27 at 21). To support their allegation that the Assignment was fraudulently executed, Plaintiffs allege that the signature of T. Sevillano, as it appears on both the Substitution of Trustee and the Assignment, is a fraudulent signature and the Assignment was "executed after the closing date of the trust." (ECF No. 27 at 14). Plaintiffs allege that T. Sevillano is not and was never appointed Assistant Secretary of MERS but rather is "an individual who simply signs thousands of property record documents without any legal or corporate authority." (ECF No. 27 at 20-21). Plaintiffs allege, as a result, Defendants are "fraudulently enforcing a debt obligation in which they have no pecuniary, equitable or legal interest" because Plaintiffs' Note was "not properly negotiated, endorsed and transferred." (ECF No. 27 at 22-23).

Plaintiffs assert that there was "no valid or actual assignment" of the debt. (ECF No. 38 at 25). Plaintiffs' allegations of fraudulent assignment lack sufficient facts to support a cognizable legal theory that the assignment was fraudulently executed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiffs' allegations of fraudulent assignment, regarding the fraudulent role and signature of T. Sevillano and untimely execution of the Assignment after the closing date of the trust, are conclusory and lack necessary supporting factual allegations.

Conclusion

The Court concludes that Plaintiffs' First Amended Complaint fails to state a claim against Defendants for quasi-contract, violation of FDCPA, violation of California Business and Professions Code Section 17200, accounting, and extortion.

Fourth Cause of Action for Violation of RESPA against Defendant BANA

Defendant BANA contends that Plaintiffs "fail to allege pecuniary damages" and "neglect to show a causal connection between the alleged RESPA violations and any purported

damage." (ECF No. 32-1 at 19). Defendant BANA asserts that Plaintiffs "state in a conclusory fashion that '[t]he actual pecuniary damages include, but are not limited to, the over calculation and overpayment of interest ... costs associated with removing the cloud on ... [the] Property title, and attorneys' fees and costs.'" (ECF No. 32-1 at 19). Defendant BANA contends that this does not demonstrate a causal connection between Defendant's alleged failure to answer the Qualified Written Request and the damages. Defendants contend that MERS is not subject to RESPA because MERS does not originate loans.

In their fourth cause of action for violation of RESPA, 12 U.S.C. § 2605, Plaintiffs allege Defendant BANA, after receiving Plaintiffs' Qualified Written Request, failed "to make appropriate corrections in the account of the borrower, including crediting of any late charges or penalties, and transmit to the borrower a written confirmation of the correction." (ECF No. 27 at 33). Plaintiffs allege that Defendant BANA failed "to protect Plaintiffs' credit rating upon receipt of Plaintiffs' QWR by furnishing adverse information regarding payments to credit reporting agencies as defined in § 603 of the Fair Credit Reporting Act, 15[ ] U.S.C. § 1681(a)." (ECF No. 27 at 33).

"If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A qualified written request is "a written correspondence, ... that- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).

- 13 -

11cv2874 WQH-BGS

1     "Not all requests that relate to the loan are related to the servicing of the loan." *Williams v. Wells Fargo, N.A.*, No. C 10-00399, 2010 WL 1463521, at *3 (N.D. Cal. April 13, 2010). A loan servicer only has a duty to respond if the information request is related to loan servicing. *Id.*; *see also Champlaie v. BAC Home Loans Servicing*, LP, 706 F. Supp. 2d 1029, 1043 (E.D. Cal. 2009). If a loan servicer fails to comply with the provisions of 12 U.S.C. § 2605, a borrower is entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [12 U.S.C. § 2605]." 12 U.S.C. § 2605(f)(1).

    "Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Services, Inc.*, Case No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.").

    Plaintiffs allege they have been harmed by overpayment of interest, costs of repairing Plaintiffs' credit, and costs associated with restoring good title to the properties. However, Plaintiffs fail to allege sufficient facts to show a causal connection between the RESPA violation and the alleged pecuniary damages. Plaintiffs allege that the damages are "a direct and proximate result of the violations of RESPA" but do not allege any facts in support of this conclusion. (ECF No. 27 at 33). The Court concludes that Plaintiffs have not alleged sufficient facts to support a cause of action for violation of RESPA.

**B. Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Ocwen (ECF No. 29); Motion to Dismiss Plaintiffs First Amended Complaint for Failure to State a Claim for Relief filed by Real Time (ECF No. 35); and Amended Motion to Dismiss Plaintiffs' First Amended Complaint filed by SPS (ECF No. 46).**

Plaintiffs allege that "each Defendant committed the acts, caused or directed others to commit the acts alleged." (ECF No. 27 at 7). Plaintiffs allege that "some or all of the Defendants acted as the agent of the other Defendants." (ECF No. 27 at 7). Plaintiffs allege Defendants Ocwen, Real Time, and SPS are the actors and agents of the other Defendants. Plaintiffs fail to allege any facts regarding Defendants MERS, ReconTrust, Ocwen, Real Time, and SPS that would "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court concludes the Plaintiffs fail to allege sufficient facts to demonstrate that they are entitled to relief against these Defendants. *See* Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

IT IS HEREBY ORDERED that: (1) Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by BNYM, BANA, ReconTrust, and MERS (ECF No. 32) is GRANTED; (2) Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Ocwen (ECF No. 29) is GRANTED; (3) Motion to Dismiss Plaintiffs First Amended Complaint for Failure to State a Claim for Relief filed by Real Time (ECF No. 35); and Amended Motion to Dismiss Plaintiffs' First Amended Complaint filed by SPS (ECF No. 46) is GRANTED. The First Amended Complaint is dismissed without prejudice.

Plaintiffs may file a motion for leave to file an amended complaint, accompanied by the proposed second amended complaint, within thirty days from the date of this order. If no motion is filed, the case will be closed.

DATED: 1/7/13

WILLIAM Q. HAYES
United States District Judge