1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                 **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   RAMIA SABHERWAL; DONALD T.          CASE NO. 11cv2874 WQH-BGS
    H. SMITH,
10                                        ORDER
                            Plaintiffs,
11
          vs.
12
    THE BANK OF NEW YORK
13  MELLON FKA THE BANK OF NEW
    YORK, AS TRUSTEE FOR THE
14  CERTIFICATEHOLDERS OF
    CWALT, INC., ALTERNATIVE
15  LOAN TRUST 2005-62 MORTGAGE
    PASS-THROUGH CERTIFICATES
16  2005-62; AND AS TRUSTEE FOR
    THE CERTIFICATEHOLDERS OF
17  CWALT, INC., ALTERNATIVE
    LOAN TRUST 2005-81 MORTGAGE
18  PASS-THROUGH CERTIFICATES
    2005-81; BANK OF AMERICA, N.A.;
19  RECONSTRUCT COMPANY, N.A.;
    MORTGAGE ELECTRONIC
20  REGISTRATION SYSTEMS, INC.;
    SELECT PORTFOLIO SERVICING,
21  INC.; AND DOES 1 THROUGH 10
    INCLUSIVE,
22
                            Defendants.
23

24  HAYES, Judge:

25        The matters before the Court are (1) the Motion to Dismiss Plaintiffs' Second

26  Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted

27  filed by Bank of America, N.A. ("BANA"), ReconTrust Company, N.A.

28  ("ReconTrust"), Bank of New York Mellon ("BNYM"), as trustee for the

    Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-81 Mortgage Pass-

through Certificates 2005-81 (ECF No. 67); and (2) the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Mortgage Electronic Registration Systems, Inc. ("MERS"), Select Portfolio Servicing, Inc. ("SPS"), and BNYM, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass-through Certificates 2005-62 (ECF No. 68).

## I.    Background

On December 8, 2011, this case was removed from the Superior Court of California, County of San Diego, to this Court.  (ECF No. 1).  On April 10, 2012, the Court granted Defendants' Motions to Dismiss the Complaint.  (ECF No. 17).  On January 8, 2013, the Court granted Defendants' Motions to Dismiss the First Amended Complaint.  (ECF No. 55).

On April 26, 2013, Plaintiffs Ramia Sabherwal and Donald T.H. Smith filed a Second Amended Complaint, which is the operative pleading.  (ECF No. 66).  The Second Amended Complaint alleges diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

On May 10, 2013, Defendants BANA, BNYM and ReconTrust filed a Motion to Dismiss.  (ECF No. 67).  On May 17, 2013, Defendants BNYM, MERS and SPS filed a Motion to Dismiss.  (ECF No. 68).  On June 1, 2013 and June 8, 2013, Plaintiffs filed oppositions to the Motions to Dismiss.  (ECF Nos. 70, 71).  On June 10, 2013 and June 13, 2013, Defendants filed replies.  (ECF Nos. 73, 74).

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**III.   Allegations of Second Amended Complaint**

This action involves three separate parcels of real property, each encumbered by two Promissory Notes and Deeds of Trust. (ECF No. 66 at 8). On August 18, 2005, Plaintiffs executed a first and second Mortgage Note and Deed of Trust for property located at 7891 Laurelridge Road, San Diego, California. *Id.*, Exs. A, B. For these Mortgage Notes, Steward Financial, Inc. ("Steward") served as the lender and MERS as the beneficiary and nominee for Steward and its successors and assigns. *Id.* at 16. On November 3, 2005, Plaintiffs executed a first and second Mortgage Note and Deed of Trust for property located at 1390 Vegas Valley Drive, Apartment #38 in Las Vegas, Nevada. *Id.* at 9, Exs. C, D. For these Mortgage Notes, Countrywide Home Loans, Inc. ("Countrywide") served as the lender and MERS as the beneficiary and nominee for Countrywide and its successors and assigns. *Id.* at 18. On December 19, 2005,

Plaintiffs executed a first and second Mortgage Note and Deed of Trust for property located at 9616 Gunsmith Drive, in Las Vegas, Nevada. *Id*. at 9-10, Exs. E, F.  For these Mortgage Notes, Countrywide served as the lender and MERS as the beneficiary and nominee for Countrywide and its successors and assigns. *Id*. at 19.

BNYM is the "purported trustee/assignee of Plaintiffs' Deed of Trust," and BANA is the "purported substituted mortgage servicer of Plaintiffs' Notes and Deeds of Trust." *Id*. at 4. "Defendants are third-party strangers to [Plaintiffs'] mortgage loans and have no ownership interest entitling them to collect payment or declare a default." *Id*. at 5. "Defendants have resorted to 'papering the file' by fabricating an 'Assignment of Deed of Trust,' employing individuals who have no authority to or personal knowledge of the facts to which they attest, and falsely representing to Plaintiffs and to the Court that they have the right to take Plaintiffs' properties away." *Id*. Defendants "cannot claim any legal or equitable right, title, or interest in Plaintiffs' Notes and Mortgages" because Defendants failed to securitize the loans in compliance with the applicable pooling and servicing agreements and New York trust law. *Id*. at 22.

"Plaintiffs were qualified for loan modifications, yet, after applying four times over a three year period, [BANA] negligently handled the review process and wrongfully delayed the process and ultimately denied Plaintiffs relief which was mandated by Congress as well as other bank requirements.  Plaintiffs also claim that Defendant [BANA] negligently mishandled a number of payments that it accepted and deposited which were made at the instruction of [BANA] for purposes of reinstating certain loans to prevent foreclosure actions." *Id*. at 4-5.

"Plaintiffs do not dispute that they owed money on their mortgage obligations. Rather, Plaintiffs dispute the amounts owed, and seek the Court's assistance in determining who the holder in due course is of their six Notes and six Deeds of Trust with respect to their three properties...." *Id*. at 15.

Plaintiffs allege the following causes of action against Defendants: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate

Settlement Procedures Act ("RESPA"),12 U.S.C. § 2605; (5) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692; (6) violation of California Business & Professions Code § 17200; (7) accounting; (8) violation of the Hobbs Act, 18 U.S.C. § 1951(b)(2); and (9) violation of the Homeowner's Bill of Rights, California Civil Code §2924.17(b).

**IV.   Discussion**

      **A.   Declaratory Relief**

      The first cause of action for declaratory relief seeks an order stating "that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiffs' Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiffs' mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever."  (ECF No. 66 at 62-63).

      Defendants contend that Plaintiffs' cause of action for declaratory relief fails as a matter of law because "declaratory relief is a form of relief, not an independent cause of action," and "the same issues are raised in other claims before the Court."  (ECF No. 67-1 at 18; ECF No. 68 at 15).  Defendants contend that "Plaintiffs are not entitled to declaratory relief" because "not one of Plaintiffs' contentions regarding invalidity of the Assignment is supported by the law or the documents themselves."  (ECF No. 67-1 at 18-19).  Plaintiffs contend that they have a "viable claim for declaratory relief as an independent cause of action" because "[a]s a result of Defendants' actions, including recording an invalid Assignment to cover up their failure to assign Plaintiffs' Notes and Mortgages to [BNYM] and [BANA] Servicing as well as failing to securitize their Mortgage into the [BNYM] Trusts, Plaintiffs do not know who their true creditors are and are potentially subject to double financial jeopardy now and in the future."  (ECF No. 70 at 34).

      A claim for declaratory relief is "unnecessary where an adequate remedy exists under some other cause of action."  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).  The remedy Plaintiffs seek through declaratory relief is

potentially available through the other causes of action that Plaintiffs allege in the Second Amended Complaint.  As a result, a separate claim for declaratory relief is unnecessary and improper, and the Motions to Dismiss the declaratory relief claim must be granted even prior to considering the merits of the declaratory relief claim.

Considering the merits of the declaratory relief claim, to the extent Plaintiffs challenge the validity of the assignments of the deeds of trust, "district courts have held that borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." *Marques v. Fed. Home Loan Mortg. Corp.*, No. 12-cv-1873, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012) (citing *Silving v. Wells Fargo Bank, NA*, No. 11-676, 2012 WL 135989, at *3 (D. Ariz. Jan. 18, 2012); *In re MERS Litig.*, No. 09-2119, 2011 WL 4550189 (D. Ariz. Oct. 3, 2011)).  "[T]he validity of the assignment does not affect whether [the] borrower owes its obligations, but only to whom [the] borrower is obliged."  *Id*. at *5 (quotation omitted).  Likewise, the California Court of Appeal has held that plaintiffs must "allege ... facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process."  *Siliga v. Mortg. Elec. Reg. Sys., Inc.*, --- Cal. Rptr. 3d ----, 2013 WL 4522474, at *5 (Cal. Ct. App. Aug. 27, 2013) ("The Siligas do not dispute that they are in default under the note.  The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances.  Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment.").  The Second Amended Complaint fails to adequately allege that Plaintiffs suffered prejudice from the allegedly invalid assignments.

Even if Plaintiffs adequately alleged prejudice, "California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's

nominee, has the authority to exercise all of the rights and interests of the lender, including the right to foreclose, is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights." *Id.* at *4 (citing *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1505 (2012); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157 (2011)); *see also Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-3968, 2011 WL 3157063, at *5 (C.D. Cal. 2011) ("[A]s numerous cases have held, as the designated beneficiary and nominee for the lender under the Deed of Trust, MERS also had the authority to assign the Deed of Trust and to substitute [defendant] as trustee.") (collecting cases).  The documents attached to the Second Amended Complaint indicate that MERS has the authority "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument." (Second Am. Compl., Ex. A at 14, ECF No. 66-1).  The Second Amended Complaint fails to adequately allege that MERS lacked the authority to assign its beneficial interest.

In the Second Amended Complaint, Plaintiffs also allege that Defendants failed to securitize the loans in compliance with the applicable pooling and servicing agreements.  (ECF No. 66 at 22).  "To the extent Plaintiff bases her claims on the theory that [Defendant] allegedly failed to comply with the terms of the [pooling and servicing agreement], the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement." *McLaughlin v. Wells Fargo Bank, N.A.*, No. 12-1114, 2012 WL 5994924, at *6 (C.D. Cal. Nov. 30, 2012) (citing *Sami v. Wells Fargo Bank*, No. 12-108, 2012 WL 967051, at *5 (N.D. Cal. Mar. 21, 2012)); *see also Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 514-15 (2013) ("[E]ven if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note...) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note....  As an unrelated third party to the alleged

securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others....  As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").  Plaintiffs have failed to adequately allege that they have standing to challenge the assignments on the basis of violations of the applicable pooling and servicing agreements.

The Motions to Dismiss the first cause of action for declaratory relief are granted.

**B.    Negligence**

The second cause of action for negligence alleges that Defendants breached a duty of care owed to Plaintiffs in loan "modification negotiations," and by "fail[ing] to follow the guidelines established in the [pooling and servicing agreement]."  (ECF No. 66 at 64, 73).

"The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th  269, 278 (2004).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Wagner v. Benson*, 101 Cal. App. 3d 27, 34-35 (1980).  Absent "special circumstances not present here a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).  Likewise, a loan servicer does not owe a duty to the borrower of

the loan it is servicing.  *See Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009).  There is no duty for a servicer to modify a loan.  *See, e.g.*, *Bunce v. Ocwen Loan Servicing, LLC*, No. 13-00976, 2013 WL 3773950, at *5-*6 (E.D. Cal. July 17, 2013) (collecting cases).

Plaintiffs rely upon *Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10-3892, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011), wherein the defendant bank had allegedly "agreed to place plaintiffs in a trial payment plan, guaranteeing that if plaintiffs made payments on time ... [the defendant] would provide a permanent modification of their loan."  *Id*. at *1.  The court found that plaintiff adequately pled a duty of care existed under California law because the defendant "went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan."  *Id*. at *7. Other courts have found the reasoning in *Ansanelli* to be unpersuasive.  *See Bunce*, 2013 WL 3773950, at *6 ("This court, like the court in *Armstrong* [*v. Chevy Chase Bank, FSB*, No. 5:11-CV-5664, 2012 WL 4747165 (N.D. Cal. Oct.3, 2012)], finds *Ansanelli* unpersuasive.").  Assuming *Ansanelli* is correct in finding that the plaintiff in that case adequately pled a duty of care, the allegations in the Second Amended Complaint do not allege that any Defendant agreed to a trial modification or made similar guarantees to Plaintiffs as alleged in *Ansanelli*.  The Court finds that the Second Amended Complaint fails to adequately allege that any Defendant exceeded the scope of its "conventional role as a mere lender of money" during the course of loan modification negotiations with Plaintiffs.  *Nymark*, 231 Cal. App. 3d at 1096.

With respect to the allegations that Defendants negligently failed to securitize the loans in compliance with the applicable pooling and servicing agreements, the Court finds that these allegations fail to state a claim upon which relief can be granted for the reasons discussed above.

The Motions to Dismiss the second cause of action for negligence are granted.

**C.   Quasi-Contract**

Plaintiffs' third cause of action for quasi-contract alleges that Defendants "knowingly accepted payments and retained them for [their] own use knowing that [Defendants] did not acquire an interest in Plaintiffs' Note, such that they could accept or keep Plaintiffs' payments." (ECF No. 66 at 74). As discussed above, Plaintiffs have failed to adequately allege that they have standing to challenge the validity of the assignments of the deeds of trust. Also as discussed above, Plaintiffs have failed to adequately allege that MERS lacks the authority to assign its beneficial interest in the applicable deeds of trust. Accordingly, the underlying basis for Plaintiffs' cause of action for quasi-contract fails to state a claim upon which relief can be granted. The Motions to Dismiss the third cause of action for quasi-contract are granted.

## D. RESPA

In the fourth cause of action for violation of RESPA, 12 U.S.C. § 2605, Plaintiffs allege BANA failed to appropriately respond to Plaintiffs' qualified written request. (ECF No. 66 at 76). BANA contends that Plaintiffs "fail to allege pecuniary damages" and "neglect to show a causal connection between the alleged RESPA violations and any purported damage." (ECF No. 67-1 at 23).

"If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A qualified written request is "a written correspondence, ... that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer

believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).  If a loan servicer fails to comply with the provisions of 12 U.S.C. § 2605, a borrower is entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [12 U.S.C. § 2605]."  12 U.S.C. § 2605(f)(1).

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Wash. Mut. Bank*, No. 09-CV-894, 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010).  "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09-1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted).  A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. 10-4761, 2011 WL 11506, at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must ... allege a causal relationship between the alleged damages and the RESPA violation.").

Plaintiffs allege that BANA's failure to appropriately respond to the qualified written request caused Plaintiffs to suffer "actual pecuniary damages includ[ing] ... the over calculation and overpayment of interest on Plaintiffs' loan, the costs of repairing Plaintiffs' credit, the reduction and/or elimination of Plaintiffs' credit limits, costs associated with removing the cloud on their property title and setting aside the trustee's sale, and attorneys' fees and costs."  (ECF No. 66 at 77).  The Second Amended Complaint fails to allege sufficient facts demonstrating a causal connection between the alleged RESPA violation and the alleged pecuniary damages.  Plaintiffs allege that the damages are "a direct and proximate result of the violations of RESPA" but do not allege any facts in support of this conclusion. *Id*.  The Court concludes that Plaintiffs

1   have not alleged sufficient facts to support a cause of action for violation of RESPA.

2   *See Twombly*, 550 U.S. at 555; *Allen v. United Fin. Mortg. Corp.*, No. 09-2507, 2010

3   WL 1135787, at *5 (N.D. Cal. March 22, 2010) (dismissing RESPA claim where

4   plaintiff alleged "actual damages" including falling behind on mortgage payments,

5   negative credit impact, and emotional distress, but failed to allege any causal

6   relationship between the damages and the RESPA violations). The Motions to Dismiss

7   the fourth cause of action for violation of RESPA are granted.

8          **E.     FDCPA**

9          In the fifth cause of action for violation of the FDCPA, 15 U.S.C. § 1692,

10  Plaintiffs allege BNYM and BANA falsely represented the debt was owed to BNYM

11  "when, in fact, such an assignment had not been accomplished" and attempted to collect

12  the debt based on the false pretense that BNYM "was assigned Plaintiffs' debt when in

13  fact it was not." (ECF No. 66 at 78-79). As discussed above, the underlying factual

14  basis for this claim is not sufficient to state a claim upon which relief can be granted.

15         Even if the underlying factual basis for Plaintiffs' FDCPA claim were sufficient

16  to state a claim, the FDCPA applies only to a "debt collector," defined as "a person who

17  uses any instrumentality of interstate commerce or the mails in any business the

18  principal purpose of which is the collection of any debts, or who regularly collects or

19  attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

20  due another." 15 U.S.C. § 1692a. The definition explicitly excludes creditors as well

21  as loan originators or assignees who obtained the right to collect on loan when the loan

22  was not in default. *See* 15 U.S.C. § 1692a(4), § 1692a(6)(A)-(B), § 1692a(ii)-(iii); *see*

23  *also  Reed v. Wells Fargo Home Mortg. Inc.*, No. 10-2133, 2010 WL 5136196, at *7

24  (E.D. Cal. Dec. 10, 2010) ("The activity of foreclosing on a property pursuant to a deed

25  of trust is not the collection of a debt within the meaning of the FDCPA....") (quotation

26  omitted). The Second Amended Complaint fails to adequately allege that BNYM

27  and/or BANA are "debt collectors" pursuant to the FDCPA.

28         The Motions to Dismiss the fifth cause of action for violation of the FDCPA are

granted.

**F.    California Business and Professions Code § 17200**

In the sixth cause of action for violation of California Business and Professions Code § 17200, Plaintiffs allege Defendants engaged in unlawful, unfair and fraudulent business conduct by "[e]xecuting and recording false and misleading documents," "[f]ailing to disclose the principal for which documents were being executed and recorded," "[d]emanding and accepting payments for debts that were non-existent," "[r]eporting payments as late to credit bureaus without the legal right or authority to do so," and "[a]cting as beneficiary without the legal authority to do so." (ECF No. 66 at 80).

Section 17200 prohibits unlawful, unfair, and fraudulent business acts or practices. *See* Cal. Bus. & Prof. Code § 17200 *et seq.* The law is "sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Section 17200 "borrows violations of other laws and treats them as unlawful practices that [Section 17200] makes independently actionable." *Id.* Private standing under Section 17200 is limited to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The intent of this section is to "confine standing to those actually injured by a defendant's business practices." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321 (2011). Several courts have found that a plaintiff has not suffered an injury in fact when the loss suffered is a result of a plaintiff's default on the loan. *See, e.g.*, *Bernardi v. JPMorgan Chase Bank, N.A.*, No. 11-cv-4212, 2012 WL 2343679, at *5 (N.D. Cal. June 20, 2012); *Serna v. Bank of Am., N.A.*, No. 11-10598, 2012 WL 2030705, at *5 (C.D. Cal. June 4, 2012); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-cv-1390, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011).

The Court finds that Plaintiffs' Section 17200 claim is derivative of the previous claims which the Court has determined do not state a claim upon which relief can be

granted.  Accordingly, the Section 17200 claim fails to state a claim upon which relief can be granted.  In addition, in the Second Amended Complaint, "Plaintiffs do not dispute that they owed money on their mortgage obligations."  (ECF No. 66 at 15).  Accordingly, the Second Amended Complaint fails to adequately allege that Plaintiffs have standing to assert a claim pursuant to Section 17200.  *See, e.g.*, *Bernardi*, 2012 WL 2343679, at *5.  The Motions to Dismiss the sixth cause of action for violation of California Business and Professions Code § 17200 are granted.

### G.    Accounting

In the seventh cause of action for accounting, Plaintiffs allege that BNYM and BANA "held themselves out to be Plaintiffs' creditors and mortgage servicers.  As a result ..., said Defendants have a fiduciary duty to Plaintiffs to properly account for payments made by Plaintiffs."  (ECF No. 66 at 82).  Plaintiffs allege: "As a result of the aforementioned fraudulent conduct, Plaintiffs paid [BNYM] and/or [BANA] their mortgage payments for a period of approximately six years.  However, for the reasons stated herein, none of the money was actually owed to [BNYM] and/or [BANA] or to their authorized servicers.  For that reason, these moneys are due to be returned to the Plaintiffs in full.  The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions."  *Id.* at 82-83.

The allegations underlying the accounting claim are the same as those that the Court has held are insufficient to state a claim upon which relief can be granted, as discussed above.  For this reason, the cause of action for accounting must be dismissed.  In addition, "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting."  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  "To properly plead a relationship other than a fiduciary duty that could give rise to a claim for an accounting, Plaintiff must allege at least that [defendant] was in control of some aspect of the Plaintiff's business for some period of time, was Plaintiff's trusted agent, caused a loss to Plaintiff

through specific misconduct, and is now liable to Plaintiff for the damages resulting from that misconduct." *EMC Corp. v. Sha*, No. 13-CV-0118, 2013 WL 4399025, at *7 (N.D. Cal. Aug. 13, 2013) (citing *Tesselle*, 173 Cal. App. 4th at 179-80).  The Second Amended Complaint fails to adequately allege that a relationship exists between Plaintiffs and any Defendant that requires an accounting. *Cf. Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) ("Absent special circumstances a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender.") (quotation omitted).  The Motions to Dismiss the seventh cause of action for accounting are granted.

**H.    Hobbs Act**

In response to the Motions to Dismiss the eighth cause of action for violation of the Hobbs Act, Plaintiffs "concede that the Hobbs Act, 18 U.S.C. § 1951 *et seq.*, does not create a private right of action and, accordingly, voluntarily dismiss this cause of action." (ECF No. 70 at 49; *see also* ECF No. 71 at 68).  The Motions to Dismiss the eighth cause of action for violation of the Hobbs Act are granted.

**I.    Homeowner's Bill of Rights**

In the ninth cause of action for violation of the Homeowner's Bill of Rights, California Civil Code § 2924.17(b), the Second Amended Complaint alleges: "As set forth above, ... Defendants are in violation of the Homeowners' Bill of Rights in that they ... have engaged in the practice of robo-signing with respect to the fabricated Assignment of Deed of Trust recorded with various counties recorders offices and thus are in violation of Cal. Civil Code section 2924.17." (ECF No. 66 at 88).  Defendants move for the dismissal of the ninth cause of action on the basis that the alleged violations of the Homeowner's Bill of Rights occurred before the effective date of the statute, and Plaintiffs provide no authority for the retroactive application of the statute. (ECF No. 67-1 at 27-30).  Plaintiffs contend that "[c]ontinued efforts in 2013 based on an invalid assignment[] constitute a violation of the California Homeowners' Bill of Rights." (ECF No. 70 at 49).

1    The Homeowner's Bill of Rights, California Civil Code § 2924.17(b), took effect
2    on January 1, 2013.  *See* Cal. Stats. 2012, Ch. 86, Assembly Bill 278, § 20; *see also*
3    *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, No. 13-cv-542, 2013 WL
4    1196959, at *4 (N.D. Cal. Mar. 25, 2013).  The Second Amended Complaint alleges
5    that the "robo-signing with respect to the fabricated Assignment of Deed of Trust
6    recorded with various counties recorders offices," ECF No. 66 at 88, occurred on
7    August 19, 2011.  *See id*. at 21-22; *see also id*. at 32 (alleging the violation occurred
8    prior to November 2011).

9    "California courts comply with the legal principle that unless there is an express
10   retroactivity provision, a statute will not be applied retroactively unless it is very clear
11   from extrinsic sources that the Legislature ... must have intended a retroactive
12   application."  *Myers v. Philip Morris Cos., Inc.*, 28 Cal. 4th 828, 841 (2002) (citations
13   omitted).  The Homeowner's Bill of Rights does not state that it has retroactive effect,
14   and Plaintiffs have pointed to no extrinsic sources indicating that the California
15   legislature intended a retroactive application.  Plaintiffs have provided no authority for
16   a "continuing violation" application of the statute.  *Cf. id.* (denying motion for
17   preliminary injunctive relief because "Plaintiff cannot succeed on its 'robo-signing'
18   claim [pursuant to the Homeowner's Bill of Rights], since it applies to actions that
19   allegedly occurred before January 1").  The Motions to Dismiss the ninth cause of
20   action for violation of the Homeowner's Bill of Rights are granted.

21   **J.    Leave to Amend**

22   Defendants request that the Second Amended Complaint be dismissed with
23   prejudice.  In opposition to the Motions to Dismiss, Plaintiffs state: "To the extent the
24   Court dismisses any claim or allegation, Plaintiffs request the opportunity to amend the
25   Second Amended Complaint to cure any deficiency, add additional causes of action or
26   rename any causes of action."  (ECF No. 70 at 49-50; *see also* ECF No. 71 at 69).
27   Plaintiffs have not indicated how they would amend the Second Amended Complaint
28   or what additional causes of action they propose to add.  After considering the record

in this case, including three versions of the Complaint and two prior Orders addressing the deficiencies in the complaints, the Court finds that allowing further amendment would be futile.  The Second Amended Complaint is dismissed with prejudice.  *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") (citation omitted).

**V.      Conclusion**

IT IS HEREBY ORDERED that the Motions to Dismiss are GRANTED.  (ECF Nos. 67, 68).  The Second Amended Complaint is DISMISSED with prejudice.  The Clerk of the Court shall close the case.

DATED:  September 10, 2013

**WILLIAM Q. HAYES**
United States District Judge